**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000671**
**02-NOV-2012**
**08:42 AM**

CAAP-11-0000671

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHAKIR GANGJEE, Plaintiff-Appellee,
v.
TUTOR HAWAI'I INC., dba, TUTOR HAWAII and
DOES 1-10, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC10-1-8739)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

Defendant-Appellant Tutor Hawai'i Inc., dba Tutor
Hawaii (Tutor), appeals from the order denying Tutor's Motion for
Reconsideration Regarding Denial of Defendant's Motion to
Dissolve the Issuance of Garnishment and for Return of Funds
Garnished or, in the Alternative, Motion to Set Aside Default
Judgment and Quash the Issuance of Garnishment and for Return of
Funds Garnished (Order Denying Tutor's Motion for Reconsideration
of the Order Denying Motion to Set Aside Default Judgment) that
was filed on August 12, 2011, in the District Court of the First
Circuit (District Court).[1]  We affirm.

_____

[1] The Honorable Shirley M. Kawamura presided.

I.

On August 11, 2010, Plaintiff-Appellee Shakir Gangjee (Gangjee) filed a complaint against Tutor, seeking $13,117.92 for "unpaid wages, loans, expenses, and interest charges[.]" The complaint was served on Tutor through its President, Robert S. Allen (Allen). Because Tutor was a corporation, it could only appear in court and represent itself through a licensed attorney. Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374-75, 590 P.2d 570, 572-73 (1979). At the return hearing held on August 23, 2010, Allen appeared, but no counsel appeared on behalf of Tutor. The District Court continued the case for a pretrial conference on December 20, 2010. The minutes for the return hearing indicate that the District Court advised Allen that Tutor must be represented by counsel at the next court date.

On November 30, 2010, Gangjee filed a motion for summary judgment, which was scheduled for a hearing on December 13, 2010. On December 6, 2010, Allen submitted a motion to continue the hearing on Gangjee's summary judgment motion. Allen asserted that he had been off island on business and needed more time to secure counsel. On December 7, 2010, the District Court granted the motion for continuance and moved the hearing on Gangjee's summary judgment motion to February 4, 2011.

On December 20, 2010, the District Court held a pretrial conference. Gangjee appeared through counsel, but Tutor did not appear. The District Court ordered the entry of default against Tutor. On December 27, 2010, Gangjee submitted a non-hearing motion for default judgment, and on December 30, 2010, Gangjee submitted a corrected non-hearing motion for default judgment. Both documents were served on Tutor by mail. On December 30, 2010, Allen filed a response to the initial motion for default judgment. Allen asserted that he mistakenly believed that a continuance had been granted for both the motion for summary judgment and the pretrial conference. On January 24,

2

2011, the District Court entered a default Judgment in favor of Gangjee and against Tutor in the total amount of $17,313,53.

Tutor, who still had not appeared through counsel, did not appeal the Judgment. From February 18, 2011, through March 24, 2011, Gangjee actively pursued collection on the Judgment through garnishment. On April 4, 2011, Tutor, through counsel, filed a Motion to Dissolve the Issuance of Garnishment and for Return of Funds Garnished or, in the Alternative, Motion to Set Aside Default Judgment and Quash the Issuance of Garnishment and for Return of Funds Garnished (Motion to Set Aside Default Judgment). Gangjee filed an opposition to the Motion to Set Aside Default Judgment. On June 8, 2011, the District Court filed an order denying Tutor's Motion to Set Aside Default Judgment.

On August 8, 2011, Tutor submitted a motion for reconsideration of the District Court's order denying Tutor's Motion to Set Aside Default Judgment, which the District Court denied on August 12, 2011.

II.

On appeal, Tutor contends that the District Court erred in: (1) denying Tutor's motion for reconsideration of the District Court's order denying Tutor's Motion to Set Aside Default Judgment; and (2) denying Tutor's Motion to Set Aside Default Judgment.[2/]

The procedural posture of this case is that Tutor is appealing from the last order in a series of appealable decisions: (1) the January 24, 2011, Judgment; (2) the June 8, 2011, order denying Tutor's Motion to Set Aside Default Judgment; and (3) the August 12, 2011, Order Denying Tutor's Motion for

---

[2/] Tutor's opening brief fails to comply with Hawai'i Rules of Appellant Procedure (HRAP) Rule 28(b)(1) (2010) in several significant respects, including: (1) its statement of the case fails to contain record references; (2) its statement of points of error fails to identify where in the record the alleged error occurred and was objected to or brought to the attention of the District Court; and (3) there is no statement of related cases. Counsel for Tutor is warned that future noncompliance with the HRAP may result in sanctions against him.

Reconsideration of the Order Denying Motion to Set Aside Default Judgment. Tutor did not appeal from the January 24, 2011, Judgment or the June 8, 2011, order denying Tutor's Motion to Set Aside Default Judgment, but only appealed from the August 12, 2011, Order Denying Tutor's Motion for Reconsideration of the Order Denying Motion to Set Aside Default Judgment.

A.

We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002). We conclude that the District Court did not abuse its discretion in denying Tutor's motion for reconsideration of the District Court's order denying Tutor's Motion to Set Aside Default Judgment.

A motion for reconsideration "is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Id. (quoting Sousaris v. Miller, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000). Tutor's motion for reconsideration did not present arguments or evidence that could not have been raised in its previous Motion to Set Aside Default Judgment. Therefore, the District Court properly denied Tutor's motion for reconsideration. See Ass'n of Apartment Owners of Wailea Elua, 100 Hawai'i at 110, 58 P.3d at 621.

Tutor's motion for reconsideration was also untimely, as the record reflects that it was filed more than ten days after the order denying Tutor's Motion to Set Aside Default Judgment was entered. See District Court Rules of Civil Procedure Rule 59 (1972). Although Tutor alleges that the order denying Tutor's Motion to Set Aside Default Judgment was "backdated," we conclude, based on the record before us, that Tutor's motion for reconsideration was untimely.

B.

Because Tutor's motion for reconsideration was untimely, it did not extend the time for Tutor to appeal from the

4

District Court's order denying Tutor's Motion to Set Aside Default Judgment, see HRAP Rule 4(a) (2010), and we therefore lack jurisdiction to address Tutor's challenge to that order. Even assuming arguendo that we have jurisdiction, we would conclude that the District Court did not abuse its discretion in denying Tutor's Motion to Set Aside Default Judgment. See County of Hawai'i v. Ala Loop Homeowners, 123 Hawai'i 391, 423, 235 P.3d 1103, 1135 (2010) (applying abuse of discretion standard to the denial of a motion to set aside default). The District Court did not abuse its discretion in concluding that Tutor failed to meet its burden of demonstrating that it has a meritorious defense. See BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 77, 549 P.2d 1147, 1150 (1976); Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 438-39, 16 P.3d 827, 843-44 (App. 2000).

III.

For the foregoing reasons, we affirm the District Court's Order Denying Tutor's Motion for Reconsideration of the Order Denying Motion to Set Aside Default Judgment.

DATED: Honolulu, Hawai'i, November 2, 2012.

On the briefs:

Grant H. Gibson
(G. Gibson & Associates, LLC)
for Defendant-Appellant

Mark T. Shklov
Michel A. Okazaki
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5